# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DIRECTV, INC.,**                                                                     **PLAINTIFF,**

**VS.**                                                   **CIVIL ACTION NO. 2:03CV261-P-D**

**VALERIE HUBBARD and**
**CHRIS MCGATH,**                                                        **DEFENDANTS.**

## ORDER

This matter comes before the court upon DirecTV's Motion to Alter Judgment [153-1]. Upon due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

On August 18, 2005 the court entered its Amended Final Judgment granting the defendants' motions for summary judgment dismissing with prejudice DirecTV's claims. This judgment was based in large part upon the Fifth Circuit Court of Appeals's decision in *DirecTV, Inc. v. Robson*, 420 F.3d 532, 539 (5th Cir. Aug. 9, 2005) ("[t]here is conspicuously no civil action for merely possessing or purchasing a pirate access device. Neither § 605(a) nor § 2511(1)(a) is violated by such conduct.").

As the basis for its motion to alter presently before the court, DirecTV cites *DirecTV v. Minor*, 420 F.3d 546 (5th Cir. August 9, 2005) – decided the same day as *Robson*. The Fifth Circuit in *Minor* distinguished *Robson*, pointing out that the defendant in *Minor* had a DirecTV dish on his roof while never having had an subscription with DirecTV, whereas there was no evidence in *Robson* that the defendant ever possessed a dish. The Court concluded in *Minor* that along with the purchase of an unlooper, the possession of the dish without ever having had a DirecTV subscription constituted "facts ... sufficient to raise a question whether Minor used the unlooper to intercept

DTV's transmissions." 420 F.3d at 550. Citing the opinion in *Minor* at length, the Fifth Circuit wrote:

> The evidence in the present case differs in that there is a DTV dish on the roof of an individual **who is not and has never been a DTV subscriber**. With the dish, then, comes the possibility of surreptitious interception, recognizing that the other equipment is capable of being kept in secret; in *Robson*, evidence of such a visible component – necessary for actual interception – was lacking. Of course, whether or not Minor's explanations for this particular fixture are credible is not something we gauge here. Together with his purchase of the unlooper, these facts are sufficient to raise a question whether Minor used the unlooper to intercept DTV's transmissions. Indulging all reasonable inferences, we are persuaded that the evidence here takes us sufficiently beyond purchase an possession of the unlooper; that is, the admitted purchase of an unlooper in conjunction with the DTV dish on the home of this **technically savvy non-subscriber** creates a triable fact issue on the key element of interception.

*Id*.

In the case at bar, there is no evidence that McGath, someone with technical savvy, had a DirecTV dish or other necessary hardware during the time he allegedly intercepted DirecTV's transmissions illegally. He admitted to purchasing an unlooper (a device with legitimate uses ) but denies he ever used it unlawfully. With respect to Hubbard, during all relevant times she had a dish and the necessary hardware to view DirecTV's transmissions. Unlike the defendant in *Minor*, however, Hubbard has been a subscriber with DirecTV almost continuously during the relevant time period. Never having been a subscriber was a poignant attribute of *Minor* because there is no legitimate reason to have a DirecTV dish if one has never been a subscriber. If one has been a subscriber at any point, one would have a dish. It would not be unusual to leave the dish in place even after cancellation of one's subscription; thus, possession of a dish is not in and of itself indicative of theft. Also unlike the defendant in *Minor*, DirecTV has no evidence that Hubbard was technically savvy. Indeed, it is undisputed that she once placed a call to customer service to ascertain

2

how to use the remote control.

The court repeats that the key fact used to distinguish between the facts in *Robson* and *Minor* was that the defendant in *Minor* possessed a dish without ever having had a subscription. Had he had a subscription at any prior point, the possession alone of the dish would not create a material fact evidencing theft of satellite transmissions. In the instant case, DirecTV has no evidence that McGath had the requisite dish and other equipment necessary to steal the transmissions during the relevant time period. Even though he had possessed some DirecTV equipment for internet service, which he says he gave his father, there is no evidence that such equipment is enough to view satellite television channels. There is also no genuine issue of material fact with respect to Hubbard because she is a technically non-savvy subscriber.

Thus, given this court's opinion of the key facts in *Minor*, the court concludes that there is no reasonable inference to be drawn from the facts in the present case that create a genuine issue of material fact necessitating a trial. The court reaffirms its conclusion that DirecTV lacks the evidence necessary to survive summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that DirecTV's Motion to Alter Judgment [153-1] is **DENIED**.

**SO ORDERED** this the 27th day of September, A.D., 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE